JEREMY L. YOUNG,

      Petitioner,

      v.                                          Case No. 26-CV-482

ALISHA KRAUS,

      Respondent.

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND REPORT AND RECOMMENDATION FOR DISMISSAL OF PETITION

Jeremy L. Young, who is currently incarcerated at Oakhill Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Young also moves for leave to proceed without prepaying the $5.00 filing fee applicable to § 2254 petitions (Docket # 2) and has submitted his prison trust fund account statements for the months of March and April. (Docket # 5, # 11.) For the reasons explained below, I deny Young's motion for leave to proceed without prepaying the filing fee and recommend his petition be dismissed.

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner seeking to commence a civil action must also provide a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period

immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). Perhaps Young has not submitted his six-month trust account statement because he was transferred to Oakhill Correctional Institution in February 2026. https://appsdoc.wi.gov/lop/details/detail (last visited June 10, 2026). Because I cannot properly evaluate Young's financial status without his six-month trust account statement, his motion is denied.

It would be futile, however, to require Young to pay the $5.00 filing fee at this time. Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I can apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Young seeks habeas relief on the grounds that he received ineffective assistance of counsel, and for violations of his due process and speedy trial rights. He also seeks to withdraw his guilty plea. The petition reflects, however, that Young has not exhausted his state court remedies.

A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotation and citation omitted). To afford the state this opportunity, the prisoner should fairly present his federal claims to each appropriate state court before seeking relief in federal court. *Id.* In other words,

2

the prisoner must assert his federal claims through "one complete round of state-court review," either on direct appeal of his conviction or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "One complete round of state-court review" means that Young must raise his constitutional issues at each and every appropriate level of the state court system, including filing a petition for review before the Wisconsin Supreme Court. *See id.* at 1025–26. Young's petition states that he directly appealed his conviction on February 7, 2026, and has not received a response to his appeal. As such, Young's petition is premature.

Young is at the very beginning stages of pursuing his state court post-conviction remedies. He cannot bring a federal habeas petition pursuant to § 2254 unless and until he exhausts Wisconsin's post-conviction process. For these reasons, it is recommended that Young's § 2254 petition be dismissed.

**NOW, THEREFORE, IT IS RECOMMENDED** that Young's petition for writ of habeas corpus (Docket # 1) be **DENIED**.

**IT IS ORDERED** that Young's motion for leave to proceed without prepayment of the filing fee (Docket # 2) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federl Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 10th day of June, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge