# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JEREMY L. YOUNG,**
          **Petitioner,**

    **v.**                                         **Case No. 26-CV-482**

**WARDEN ALISHA KRAUS,**
          **Respondent.**

---

## <u>ORDER</u>

On June 10, 2026, Magistrate Judge Nancy Joseph has issued a report and recommendation on petitioner's petition for a writ of habeas corpus. She recommends that I dismiss the petition for failing to exhaust state court remedies. In her report and recommendation, she also explained to petitioner that he had fourteen days to file an objection. *See* Fed. R. Civ. P. 72(b)(2). Petitioner filed an objection twenty-six days later. As explained in her order, failure to file a timely objection constitutes a waiver of objections. Nonetheless, I have also reviewed the petition along with Judge Joseph's recommendation *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

I agree with Judge Joseph's recommendation and will fully accept it. As Judge Joseph explained, a state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court under 28 U.S.C. § 2254(b)(1)(A). Therefore, a petitioner must present his claims to each appropriate state court, including by filing a petition in the Wisconsin Supreme Court. *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). Petitioner's only appeal at this time is in the Court of Appeals, which appears to have been denied on procedural grounds. *See State v. Young*, No.

2026AP950-CR (Wis. Ct. App.).[1] There is no indication that this has been presented to the Wisconsin Supreme Court, or that he has fairly presented the issue to the Wisconsin Court of Appeals. Therefore, his arguments are unexhausted and he may not proceed in federal court.

Accordingly, **IT IS ORDERED** that Magistrate Judge Joseph's recommendation is **ACCEPTED**, that the petition for a writ of habeas corpus is **DENIED without prejudice**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Available at https://wscca.wicourts.gov/case/2026AP000950.